FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 1 7 2004

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NED T. BENALLY,

    Petitioner,

v.    Civ. No. 03-1375 WPJ/RLP

JOE WILLIAMS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. Petitioner filed his petition for writ of habeas corpus on November 28, 2003 pursuant to 28 U.S.C. § 2254. He is currently confined in the Lea County Corrections Facility in Hobbs, New Mexico. After a plea agreement (Exhibit D to Answer), in which he entered an *Alford* plea, he was sentenced on November 1, 2001 [Exhibit A]. According to Defendant, Judgment was entered on November 7, 2001. Defendant filed a Motion to Dismiss arguing the federal petition is time-barred.

2. Section 2244 provides for a one-year limitation period from, *inter alia*, the date the conviction became final. § 2244(d)(1)(A). Petitioner did not file a direct appeal and so his time began running on December 7, 2001, 30 days after Judgment was entered, *Haney v. Addison*, 175 F.3d 1217, 1220 (10th Cir. 1999).

---

[1] Within ten (10) days after a party is served with a copy of this "Proposed Findings and Recommended Disposition" (hereinafter, the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

3. The one-year limitation period tolls for "properly filed" applications for post-conviction or collateral relief. § 2244(d)(2). On June 27, 2002 Petitioner filed an untimely Motion for Reconsideration [Exhibit E]. It was untimely because it needed to be filed within 90 days of sentencing. *Id.* Thus, this Motion was not "properly filed."

4. On February 4, 2003 Petitioner filed a petition for writ of habeas corpus in state court [Exhibit G], which was denied on May 13, 2003 [Exhibit H], as was his petition for writ of certiorari on June 20, 2003 [Exhibits I & J]. Because Petitioner's time expired on December 7, 2002, this filing has no effect on the limitation period.

5. Equitable tolling may be applied under extraordinary circumstances. This means that the petitioner must diligently pursue his claims and that circumstances beyond his control affected his ability to meet the deadline. *Woodward v. Williams*, 263 F.3d 1135, 1142-43 (10th Cir. 2001), *cert. denied*, 535 U.S. 973 (2002). Petitioner in this case offers no reasons whatsoever to explain his delay of over one year before filing state collateral relief and another five months before seeking relief in this court on November 28, 2003. I find that the petition is time-barred.

## RECOMMENDED DISPOSITION

I recommend that the Petitioner's Motion for Appointment of Counsel [Doc. 3] be denied as moot; that Respondent's Motion to Dismiss [Doc. 12] be granted; and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge